

IN THE UNITED STATES
DISTRICT COURT for the
EASTERN DISTRICT of VIRGINIA
NORFOLK DIVISION

Misty L. Wofford
3236 Barberry LN
Virginia Beach, VA 23453
(757) 453-6431

versus                                      CIVIL NO. *2:09cv 38*

Janet Napolitano, Secretary
U.S Department of Homeland
Security
Washington, D.C. 20528

UNITED STATES DISTRICT
COURT for the
EASTERN DISTRICT of VIRGINIA
NORFOLK DIVISION

Misty L. Wofford

    versus

CIVIL NO. 2:09cv38

Janet Napolitano, Secretary
U.S. Department of Homeland
Security
Washington, D.C. 20528

# EMPLOYMENT DISCRIMINATION
# COMPLAINT

1. This <u>Employment Discrimination Complaint</u> action is

brought under Title VII of the Civil Rights Act of 1964, as

amended, for employment discrimination, as well as under

Sections 501 and 505 of the Rehabilitation Act of 1973, as

amended, for employment discrimination.  Jurisdiction is

conferred by Title 42 United States Code, Section 2000e et

seq. with regard to Title VII of the Civil Rights Act of 1964,

as amended, as well as by Title 29 United States Code,

Section 791, 794(c) with regard to Section 501 and 505 of the Rehabilitation Act of 1973, as amended.

Venue with regard to the filing of this action in the United States District Court for the Eastern District of Virginia Norfolk Division is conferred by Title 28 United States Code Part IV, Chapter 87, Section 1391(e)(3), a copy of which is attached hereto.

2. The Plaintiff is:      Misty L. Wofford

    Address:           3236 Barberry LN

    City of Residence: Virginia Beach. VA 23453

3. The Defendant is : Janet Napolitano, Secretary

                                 U.S. Department of Homeland

                                 Security

    Address:           U.S. Department of Homeland

Security

Washington, D.C. 20528

4. The plaintiff has attached to this complaint a copy of the charges filed on March 27, 2008 with the Equal Employment Opportunity Commission.

5. On the date of November 11, 2008 the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission, a copy is attached.

6. It is a fact that employment discrimination issues result when a party is treated unequally in the workplace on the basis of one of the protected status categories, which include race, color, sex, religion, national origin and disability.  In plaintiff's case, plaintiff was precluded from having any reasonable suspicion that intentional discrimination had

occurred between the relevant times of May, 1999 and

February 13, 2002 until a much later date because

defendant's agency (the USINS Houston District Office), as

well as defendant's employee, ADDI Michael D. McMahon,

did not provide plaintiff with any information, whatever, or

take any actions, such as revising and/ or modifying

plaintiff's work requirements, to any extent, whatever,

including the requirement for plaintiff to carry and discharge

a firearm, in order to avoid alerting plaintiff with regard to

the basis for the intentional discrimination, the same being

the fact that the plaintiff was perceived to be physically

disabled.  It was, in fact, a number of years later when

defendant's employee ADDI Michael D. McMahon, wrote an

email letter dated November 14, 2006, according to which

same email ADDI Michael D. McMahon specifically

declared the fact that upon initially arriving at the Houston

District Office for duty in the official capacity of an upper

level supervisor in Investigations, (ADDI), at the time of May 1999, plaintiff was at that same immediate time perceived and/ or regarded as being physically disabled by ADDI Michael D. McMahon. This same referenced email letter dated November 14, 2006 includes the declaration, as well, that while acting in the official capacity of the newly assigned duty, ADDI Michael D. McMahon did at the time of May, 1999, make a direct inquiry of the plaintiff's supervisor as to the cause of plaintiff's "ailment". This information, as well as any and/ or all information regarding the fact that ADDI Michael D. McMahon, perceived and/ or regarded plaintiff as being physically disabled beginning at the time of May, 1999 and at all subsequent times thereafter, was concealed from plaintiff's knowledge on an ongoing basis until the time of June, 2007 when plaintiff was provided a copy of the referenced email letter dated November 14, 2006 by the Office of Personnel Management.

7. The defendant, defendant's agency (the USINS Houston District Office) as well as defendant's employee (ADDI Michael D. McMahon), did effect the termination of plaintiff's employment at the time of February 13, 2002 on a falsely alleged basis that was an unlawfully fabricated pretext.  This particular referenced pretext was focused on the alleged misconduct of plaintiff, the same being based upon the sole falsely alleged offense of the loss of an officially issued service firearm/ weapon.  The fact was known, however, by the defendant, by the defendant's agency (the USINS Houston District Office) as well as by the defendant's employee, ADDI Michael D. McMahon, that these same allegations against the plaintiff were altogether false, because while plaintiff was unable to readily locate the referenced service firearm/ weapon due to the plaintiff and the plaintiff's husband having moved from one residence to another, plaintiff did locate and return the referenced service

firearm/ weapon to the proper authority at the time of March 12, 2001.

8. When and how the defendant, the defendant's agency (the USINS Houston District Office), as well as the defendant's employee, ADDI Michael D. McMahon, engaged in intentional discrimination against the plaintiff in the workplace:

The time when the intentional discrimination against the plaintiff in the workplace initially began is evidenced by the Performance Appraisal Record which was issued to the plaintiff for the time period from August 31, 1998 through March 31, 1999, the same being signed on the dates of April 7, 9 and 10, 1999, which fact is reflected on page fourteen (14) of the referenced Performance Appraisal Record. Plaintiff was unmarried at that time; therefore the referenced

Performance Appraisal Record was issued under plaintiff's maiden name, which was Misty Newton. Accordingly, with regard to plaintiff's performance of the elements and functions of plaintiff's job, plaintiff received excellent ratings with one exception in which plaintiff was rated as being fully successful. Clearly, plaintiff's job performance level was well above the minimally acceptable standard at the time of May, 1999 when the newly assigned upper level supervisor in Investigations initially began this particular duty at the Houston District Office, the same being defendant's employee, ADDI Michael D. McMahon. A number of the written statements, which defendant's employee, ADDI Michael D. McMahon, declared in the writing of the referenced email letter dated November 14, 2006, were specifically directed to plaintiff's perceived status of being physically disabled at the particular referenced time of May, 1999. These same statements did, however, directly

contradict the status of plaintiff as the same was stated according to the signed Performance Appraisal Record which was issued to the plaintiff at the time of April, 1999, which time was two (2) to three (3) weeks prior to the arrival of defendant's employee, ADDI Michael D. McMahon, at the time of May, 1999.  On the basis of this same referenced Performance Appraisal Record, it is clear, therefore, that plaintiff, did not receive any indications which would have created the need in the plaintiff's mind for plaintiff to reasonably suspect that the defendant's employee, ADDI Michael D. McMahon, upon arriving on duty as the upper level supervisor in Investigations at the time of May, 1999, would immediately perceive and/ or regard plaintiff to be physically disabled.  The particular email letter dated November 14, 2006, the same being referenced in items six (6) and seven (7), above, consists of a significant number of statements, according to which the defendant's employee,

ADDI Michael D. McMahon, in writing the same, did, in fact, make this declaration abundantly clear, however.  When plaintiff acquired access to the same referenced email letter dated November 14, 2006, at the subsequent time of June, 2007, it was at this particular later date that plaintiff received the first information, either written or verbal, which provided any indication, whatever, that defendant's agency (the USINS Houston District Office), as well as defendant's employee (ADDI Michael D. McMahon) did, beginning at the time of May, 1999 and at all subsequent times thereafter, perceive plaintiff to be physically disabled.  Accordingly, this same referenced perception that the plaintiff was physically disabled was the basis with regard to the intentional discrimination against the plaintiff which involved many incidents extending over a period of time, the same time being, specifically, between the relevant times of May, 1999

and February 13, 2002.  On this same basis, it is clear,

therefore, that there was a continuing violation, in this regard.

(a)     One of the many incidents occurred in early July 1999,

the particular time being approximately sixty (60) days

after the arrival of defendant's employee, ADDI

Michael D. McMahon, at the Houston District Office, at

which time plaintiff had a fractured pelvis.  Plaintiff

was required to take a two (2) week medical leave

because the physician had restricted plaintiff to use the

aid of a walker while walking within the area of

plaintiff's home, and did, as well, instruct plaintiff not

to drive a vehicle.  Upon arriving home after being

released from the hospital, plaintiff's supervisor Susan

Friesenhahn, contacted plaintiff via telephone, at which

time this same supervisor advised plaintiff regarding the

fact that plaintiff was required to attend a meeting at the

Houston District Office on the following day with the

defendant's employee, ADDI Michael D. McMahon. After being advised by the plaintiff regarding the restrictions imposed by the physician, this same supervisor responded with the indication that there were no circumstances under which plaintiff would be excused from attending the referenced meeting. While plaintiff's husband drove the vehicle to the Houston District Office, it was nevertheless, an extremely painful ordeal which required plaintiff to take strong pain medication in order to manage using the walker to walk the long distance from the car to the inside office area. In addition to helping dull the pain, the medication did, as well, cause plaintiff's speech to be slurred and sluggish. It was at the time of this particular meeting that defendant's employee, ADDI Michael D. McMahon, issued a threat to plaintiff with regard to a demotion. Defendant's employee, ADDI

Michael D. McMahon, included the particular

statement, which was regarding this specific threat, in

the referenced email letter dated November 14, 2006,

the same being referenced in the first (1st) paragraph on

the second (2nd) page. The quote in this regard is "I

also told Wolford (Wofford) at that time that without

some improvement in her motor skills and speech I

might have to consider moving her to an Investigative

Assistant position (demotion)." The fact that this same

referenced seemingly impromptu meeting was

scheduled on an immediate, as well as an urgent basis

at the particular time, which was concurrent with the

recent occurrence of plaintiff's temporary medical

circumstances, clearly indicated to plaintiff that the

threat to demote plaintiff was issued by defendant's

employee, ADDI Michael D. McMahon, with regard to

these same temporary medical circumstances involving

plaintiff's fractured pelvis.  The timing with regard to the scheduling of this same referenced meeting within a day after plaintiff was released from the hospital, as well as the demeanor of defendant's employee, ADDI Michael D. McMahon, while conducting the same, clearly conveyed the fact that the workplace environment for the plaintiff, specifically, was hostile, which same referenced hostile work environment did not exist with regard to the plaintiff at any time prior to the time of May, 1999.  The particular email letter dated November 14, 2006 the same being referenced above in items six (6) and seven (7), respectively, is direct evidence of the fact that at the time of July, 1999 when the specific statements which included the threat of demotion, were issued to plaintiff, defendant's employee, ADDI Michael D. McMahon, did have direct, as well as absolute knowledge that, at the prior

time of May, 1999, defendant's employee, ADDI

Michael D. McMahon, had established the perception

that plaintiff was physically disabled, without, however,

apprising the plaintiff in this regard. On the basis of

this same particular fact regarding the referenced

knowledge concerning the perception that plaintiff was

physically disabled, which defendant's employee,

ADDI Michael D. McMahon, possessed, it is, therefore,

confirmed that, at the time of the referenced impromptu

meeting in July, 1999, defendant's employee, ADDI

Michael D. McMahon, did, as well, possess the further

knowledge that the disparate treatment which the

plaintiff received in relation to the referenced

impromptu meeting, the same having been deliberately

scheduled at a time when plaintiff was in pain as a

result of the referenced recent injury and was required

to take medication for the same, did, in all respects,

constitute intentional discrimination against the plaintiff. While this same intentional discrimination against the plaintiff was pursued by the defendant's agency (the USINS Houston District Office), as well as by the defendant's employee, ADDI Michael D. McMahon, these same referenced parties did, at the same time, exercise extreme caution in order to avoid demonstrating, through actions and/ or verbal statements, any possible basis concerning the perception that plaintiff was physically disabled, which, otherwise may have resulted in plaintiff having a reasonable suspicion that the referenced intentional discrimination against the plaintiff was occurring.

(b)   Subsequently, at the time of December 8, 2000, another incident occurred, the same being in relation to this particular referenced date when plaintiff worked the

scheduled rotation duty at the Harris County jail, which

entailed interviewing accused criminal immigrants to

determine legal status, as well as to determine any

violation(s) of immigration law.  Subsequent to plaintiff

having completed this same referenced duty

assignment, it was falsely alleged, that plaintiff failed to

carry the service issued firearm/weapon at the time

when this particular duty assignment was performed on

the specific date of December 8, 2000.  Plaintiff was

not apprised of this particular false allegation in any

manner, whatever, until the later date of October 24,

2001 when plaintiff received the termination Proposal

in which particular document this same referenced false

allegation was included.  Accordingly, the referenced

termination Proposal dated October 24, 2001 was

written by defendant's employee, Michael D.

McMahon, who, at that time, had received a promotion

to the position of Acting Deputy District Director (ADDD).

(c)   The occurrence of the next incident was on the date of February 1, 2001, when an Allegation of Misconduct Complaint against the plaintiff, which same complaint was based on the sole alleged offense of the loss of a service issued firearm/weapon, was submitted to the Office of Internal Audit (OIA) by plaintiff's supervisor, Susan Friesenhahn. The submission of this referenced complaint against plaintiff was a rush to judgment response by plaintiff's referenced supervisor, Susan Friesenhahn, after plaintiff reported that due to the disorganization which resulted when plaintiff and plaintiff's husband moved from one residence to another, plaintiff was unable to readily locate the service issued firearm/weapon. The particular Allegation of Misconduct Complaint against plaintiff

was subsequently proven to be invalid, as well as false, in that plaintiff did, at the later date of March 12, 2001, locate and return the referenced service issued firearm/ weapon to the proper authority.  On the basis of the sworn testimony of the Senior Firearms Instructor, Deportation Officer (DO) David Bryant, on the date of April 6, 2001, the same being provided to plaintiff's referenced supervisor, Susan Friesenhahn, the fact was established by Mr. Bryant that while plaintiff was one (1) of approximately nine (9) officers who had reported that their service issued firearm/ weapon had been either lost or stolen, it was only the single case regarding the plaintiff which resulted in an Allegation of Misconduct Complaint being submitted to the Office of Internal Audit (OIA).  In retrospect it is now clear that this entire incident involving the submission of the referenced Allegation of Misconduct Complaint against

plaintiff, the same having been proven to be false, was
an, if not the most, important element with regard to the
intricate pretext, which was unlawfully fabricated, the
same being referenced above in the item numbered
seven (7), by defendant's agency (the USINS Houston
District Office), as well as by the defendant's employee
(ADDI Michael D. McMahon).

(d)   On March 30, 2001, at which time it was known by
defendant's employee, ADDI Michael D. McMahon,
that on the prior date of March 12, 2001, the plaintiff
had located and returned the firearm which was alleged
to have been lost by plaintiff, to the proper authority, a
Memorandum was, nevertheless, directed to plaintiff by
defendant's employee, ADDI Michael D. McMahon.
This particular Memorandum dated March 30, 2001
was the first notice to plaintiff regarding a management
inquiry being conducted by the defendant's agency, the

USINS Houston District Office.  Accordingly, the same was alleged to have been initiated under the direction and/ or authority of the Office of Internal Audit (OIA) in reference to OIA Case Number 01X02062.  This particular case was with regard to the Allegation of Misconduct Complaint, which was submitted to the Office of Internal Audit (OIA) by plaintiff's supervisor Susan Friesenhahn at the prior time of February 1, 2001 on the basis of the sole alleged offense of the loss of an officially issued firearm/ weapon, as the same is referenced according to the above sub item lettered (c).  On the basis of the sole Office of Internal Audit (OIA) document, regarding this specific referenced case, of which plaintiff has knowledge, at this time, the same being designated to be OIA Case No. 01X02062, the Office of Internal Audit (OIA) did not issue any direction and/ or

authority to the defendant's agency (the USINS Houston District Office) and/ or to the defendant's employee (ADDI Michael D. McMahon) with regard to beginning any inquiry concerning this specific referenced case. Accordingly, the notice, according to the referenced Memorandum dated March 30, 2001, which was directed to plaintiff in this specific regard by defendant's employee (ADDI Michael D. McMahon), was altogether false; therefore, this same referenced management inquiry was, in fact, fraudulent. The actions which were subsequently pursued against plaintiff in this regard, clearly do, in fact, constitute harassment and disparate treatment, as well as further, do, in fact, constitutes a hostile work environment. These particular referenced factors, which occurred on a persistent basis, the same being harassment, disparate treatment, as well as a hostile work environment, are

key elements with regard to the continuing violation against the plaintiff.

(e)   As is indicated above in the sub item lettered (d), at the specific time of April, 2001, a number of further intensely intimidating incidents occurred, which were with regard to the referenced fraudulent management inquiry.  While it was alleged by defendant's employee (ADDI Michael D. McMahon), that the particular referenced actions were being conducted under the official direction of the Office of Internal Audit (OIA), this same indication was factually untrue, as is referenced above, in the sub item lettered (d). Accordingly, these same referenced further actions, which were executed by defendant's employee (ADDI Michael D. McMahon) under the sole direction of the defendant's agency (the USINS Houston District Office) included: 1) the Subpoena dated April 4, 2001,

the same being signed and issued by defendant's

employee, ADDI Michael D. McMahon, to Ann

Warner-Roach, Property Manager, for a copy of the

Lease Agreement signed by plaintiff's husband as well

as by plaintiff; 2) the Subpoena dated April 4, 2001,

the same being signed and issued by defendant's

employee, ADDI Michael D. McMahon, to Alliance

Apartment Movers for a copy of the moving contract

signed by plaintiff's husband as well as by plaintiff; 3)

Memorandums signed and issued by plaintiff's

supervisor, Susan Friesenhahn, on various dates in, at

least, the month of April, 2001 to numerous (exact

number is unknown to plaintiff), if not all of plaintiff's

co-workers, which directed each to appear personally to

provide sworn testimony, as witnesses, to plaintiff's

supervisor, Susan Friesenhahn concerning knowledge

of alleged misconduct relating to the loss of the service

issued weapon by the plaintiff.  Defendant's employee (ADDI Michael D. McMahon), as well as defendant's employee (SSA Susan Friesenhahn), did have absolute direct knowledge at the specific prior time of March 12, 2001, and at all subsequent times thereafter, including, but not limited to the month of April, 2001, regarding the fact, that the plaintiff (IEA Misty Wofford) had located and returned the service issued weapon, which was alleged to have been lost, to the proper authority on the date of March 12, 2001.  Accordingly, these same referenced parties did, therefore, at the same time of March 12, 2001, have absolute direct knowledge, as well, with regard to the further fact that the plaintiff (IEA Misty Wofford) had not committed the alleged offense, which was, nevertheless, stated, according to the referenced Memorandums, the same having been directed to plaintiff's co-worker's, subsequently,

regarding the demand that these same employees
provide sworn testimony, to be the sole basis with
regard to the referenced management inquiry in relation
to the allegation of misconduct against plaintiff.  On the
basis that this same particular knowledge in these
specific regards, was established at the prior time of
March 12, 2001, it is, therefore, confirmed that the
defendant's agency (the USINS Houston District
Office), as well as the defendant's employee (ADDI
Michael D. McMahon), did, at all times subsequent to
March 12, 2001, have the clear and/ or distinct
understanding, which was based upon direct
knowledge, respectively, that the allegation of
misconduct against the plaintiff was altogether false, as
well as that, as a result of this same fact, no legitimate
and/ or legally valid basis existed with regard to the
referenced management inquiry.  Accordingly, while

the referenced management inquiry, as well as the false

allegations which were in relation to the same, were

proffered, with knowledge regarding the falsity of the

same, to be the legitimate non-discriminatory basis

and/or reasons for plaintiff's termination at the time of

February 13, 2002, the preponderance of the evidence,

as the same is related herein, does, nevertheless, prove

that these particular reasons, as the same were stated

according to the Proposal of Termination dated October

24, 2001, were, in fact, a pretext and/or a cover-up for

the continuing violation, the same being the unlawful

intentional discrimination against the plaintiff, which

was based on the perception that plaintiff was

physically disabled.  The preponderance of the evidence

with regard to this same pretext include that, in fact,

while at least eight (8) other officers had reported their

service issued firearms/weapons to have been lost or

stolen, no Allegation of Misconduct Complaints were
submitted to the Office of Internal Audit (OIA) with
regard to the referenced eight (8) other officers. It was,
therefore, the single and/ or sole instance regarding the
plaintiff (IEA Misty Wofford ), which resulted in an
Allegation of Misconduct Complaint being submitted to
the Office of Internal Audit (OIA) with regard to the
alleged offense of the loss of an officially issued service
firearm/ weapon, including as well, the referenced
management inquiry, which was initiated and pursued
on an altogether fraudulent basis, at a time that was
subsequent to the date of March 12, 2001, the same
having been alleged to have been in relation to the
particular Allegation of Misconduct Complaint dated
February 1, 2001. The preponderance of the evidence
clearly confirms that the plaintiff was subjected to these
same hostile, as well as demeaning, actions on a

selective basis as a result of the intention to permanently eliminate the plaintiff, solely, from the workplace because the plaintiff was perceived to be physically disabled.

(f)    On the date of October 24, 2001 plaintiff received the Proposal of Termination notice which was prepared and signed by defendant's employee, Michael D. McMahon, under the title of Acting Deputy District Director (ADDD).  As is clearly indicated according to this particular Proposal notice, the same was in relation to, solely, the referenced false allegation of misconduct which was based, solely, on the alleged offense of the loss of an officially-issued firearm/ weapon, the same being the Office of Internal Audit (OIA) Case No. 01X02062.  This same specific case was, in fact, rendered invalid, as well as defunct, at the prior time of March 12, 2001, when plaintiff located and returned the

same referenced service firearm/ weapon, which was alleged to have been lost, to the proper authority; therefore, plaintiff did not commit the offense, which was alleged, or any offense, whatever, for that matter. Further, the referenced management inquiry, which was conducted with regard to plaintiff subsequent to the time of March 12, 2001, by defendant's employee (ADDI Michael D. McMahon), under the sole direction of defendant's agency (the USINS Houston District Office), the same having been based solely, on these same specific false allegations, was, in this regard alone, altogether fraudulent. Accordingly, the referenced Proposal of Termination dated October 24, 2001, the same having been directed to the plaintiff, was, in fact, the final act, which was required, with regard to the referenced pretext and/ or cover-up for the continuing violation of unlawful intentional

discrimination against the plaintiff, the same being

based on the perception that plaintiff was physically

disabled.  The evidence in this regard is that, as a result

of the fact that the plaintiff did not commit the alleged

offense, the referenced Allegation of Misconduct

Complaint dated February 1, 2001, which was

submitted to the Office of Internal Audit (OIA) by

defendant's employee (SSA Susan Friesenhahn) with

regard to the plaintiff, was not sustainable.

Accordingly, while defendant's employee (ADDI

Michael D. McMahon) indicated the case to be

otherwise, according to the referenced Memorandum

dated March 30, 2001, the Office of Internal Audit

(OIA) did not issue instructions which directed

defendant's agency (the USINS Houston District

Office) and/or directed defendant's employee (ADDI

Michael D. McMahon), to begin any inquiry, whatever,

with regard to the referenced specific OIA Case No.
01X02062.  Further, given the scope of this same
referenced pretext and/ or cover-up, plaintiff did not
reasonably suspect and could not have reasonably
suspected that the continuing violation of the unlawful
intentional discrimination against the plaintiff, which
was based on the perception that the plaintiff was
physically disabled, had occurred between the
referenced relevant times of May, 1999 and February
13, 2002 until the later time of June, 2007.

9. The plaintiff requests that the defendant be ordered:

a) to restore the status quo ante with regard to the
plaintiff's employment prior to the time of February 13,
2002;

b) to make a reasonable offer of reassignment to plaintiff
to a position which: (i) is at the same grade (or pay
level) as plaintiff's former grade (or pay level) or

higher; (ii) is within the plaintiff's commuting area and (iii) is one in which the plaintiff would be able to render useful and efficient service;

c) to provide plaintiff "make whole" relief including: (i) back pay with interest from the time of February 13, 2002 through the time when a judgment is, in fact, received by the plaintiff; (ii) back pay with regard to annual leave benefits, from the time of February 13, 2002 through the time when a judgment is, in fact, received by the plaintiff; (iii) restoration of sick leave benefit hours, on an accumulated basis, from the time of February 13, 2002 through the time when a judgment in this regard is, in fact, received by the plaintiff;

d) to waive and/or set aside the MSPB Settlement Agreement, which was executed at the time of June, 2002, the same being based on the referenced unlawfully fabricated pretext; further, to declare this

same Agreement null and void, in all respects, including with respect to submitting the particular referenced Agreement as a basis in relation to any defense which may be offered in the matter of this specific Employment Discrimination Complaint and that;

e) the Court grant other relief including injunctions, compensatory damages in the amount of $300,000.00, reasonable attorney's fees, reasonable expert witness fees and court costs.

10. Plaintiff invokes the right to demand a trial by jury.

1/28/09
Misty Wofford
P.O. Box 41476
Norfolk, VA 23541